**Benjamin COLLIER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–2244.

United States Court of Appeals, Second Circuit.

May 21, 2001.

Malvina Nathanson, New York, NY, for appellant.

William F. Johnson, Assistant United States Attorney; Mary Jo White, United States Attorney, Southern District of New York, Bart G. Van De Weghe, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present WALKER, Chief Judge, FEINBERG and CABRANES, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Petitioner-appellant Benjamin Collier appeals from an August 11, 1998 judgment of the United States District Court for the Southern District of New York (Leisure, J.) denying his motion attacking his sentence under 28 U.S.C. § 2255. On June 27, 2000, this court granted Collier's motion for a certificate of appealability. *See* 28 U.S.C. § 2253(c).

In 1992, Collier was convicted in United States District Court for the Southern District of New York (Leisure, J.), after a guilty plea, of conspiracy to distribute crack cocaine and sentenced, in principal part, to 168 months' incarceration. He did not appeal the plea or sentence, although he alleges that he directed his attorney at the time to file an appeal. Collier's plea agreement included an express waiver of his right to appeal a sentence within the

range stipulated to in the agreement, 168 months to 210 months.

Collier now attacks his sentence on the grounds that (1) his waiver of his right to appeal was invalid because he was not informed of that waiver by the district court, and as a consequence, his attorney's failure to file an appeal constituted constitutionally ineffective assistance of counsel; and (2) his attorney's failure at sentencing to challenge his sentence for conspiracy to distribute crack cocaine was also ineffective assistance of counsel. Neither argument is availing.

■ First, at the time Collier was sentenced, in November 1993, the district court was not obligated to inquire specifically whether Collier was aware that he had waived his right to appeal a sentence within the stipulated range. Rule 11(c) was amended in 1999 to require district courts to "address the defendant personally in open court and inform the defendant of ... (6) the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence."Fed.R.Civ.P. 11(c) (2001). Prior to that amendment, no such requirement existed in either the Rule or the case law of this circuit. That the Rule was amended to require district courts to inquire about a defendant's waiver suggests that the Rule did not require them to do so before the amendment. Nor have we held that such an inquiry is demanded by due process or any other constitutional guarantee. Moreover, the court here questioned Collier personally and extensively about Collier's understanding of the plea agreement, and his answers to those questions plainly demonstrate that the plea and its included waiver were knowing and voluntary. *See United States v. Ready*, 82 F.3d 551, 556–57 (2d Cir.1996). Given that Collier had made an effective waiver of his right to appeal, under the law as it existed at the time we think it self-evident that his attorney did not act unreasonably in failing to appeal. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Second, we cannot say that an attorney of reasonable competence would have objected to Collier's being sentenced for distribution of crack cocaine rather than some form of cocaine base other than crack. The indictment to which Collier pleaded guilty and the plea agreement itself both alleged his participation in a conspiracy to distribute crack specifically. The Sentencing Guidelines base offense level stipulated to in the plea agreement was also predicated on Collier's participating in a conspiracy to distribute crack. Given that Collier had plainly pleaded guilty to conspiracy to distribute crack, it was not unreasonable for his attorney to fail to object at Collier's sentencing that he should be sentenced for conspiracy to distribute some other form of cocaine. Thus we cannot conclude that Collier's attorney erred at all, much less "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. 2052.

We have considered the remainder of Collier's arguments and find them to be without merit.

Accordingly, the judgment of the district court is hereby AFFIRMED.